T.C. Summary Opinion 2003-102

UNITED STATES TAX COURT

MENACE ST. HILAIRE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 776-02S.                  Filed July 24, 2003.

Menace St. Hilaire, pro se.

<u>Monica J. Miller</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,288 in petitioner's 2000 Federal income tax. The issues are whether petitioner is entitled to (1) a dependency exemption deduction for his minor son, (2) a child care credit under section 21 for his son, (3) a child tax credit (CTC) under section 24 for his son, (4) an earned income credit (EIC) for his son, and (5) head of household filing status. Petitioner resided in Orlando, Florida, at the time the petition was filed.

The facts may be summarized as follows. Petitioner and his wife, Camelite, were married in 1992. They have three children including a son, Mackcande. Mackcande was 7 years old in 2000. During 1998 petitioner and his wife lived together, and they filed a joint Federal income tax return for that year. Petitioner's testimony at to where they lived at that time is contradictory.

In July 1999, petitioner and his son allegedly rented one room in an apartment that his wife owned at 421 Jernigan Avenue, Orlando, Florida. The remainder of the apartment was rented to another family. Petitioner's wife and the two other children allegedly lived at 5394 Botany Court in Orlando. Mackcande's school records and Camelite's driver's license and motor vehicle registration, however, show that she lived at 421 Jernigan Avenue. Although, again, petitioner's testimony is unclear, as we understand, Camelite prepared meals for petitioner and

Mackcande, and at night they returned to 421 Jernigan Avenue to sleep. Petitioner paid for most of the expenses of maintaining the residence at 5394 Botany Court. Petitioner and Camelite were not legally separated pursuant to a decree of divorce or legal separation.

In preparing his 2000 Federal income tax return, petitioner claimed, with respect to Mackcande, a dependency exemption deduction, an EIC, a child care credit based on amounts he allegedly paid to Camelite for taking care of Mackcande, a CTC, and used the head of household filing status. Respondent disallowed the dependency exemption deduction, the EIC, the child care credit, and the CTC. Respondent also determined that petitioner's proper filing status was married filing separately. Petitioner testified that Camelite would not file a joint return because she would not get a tax refund.

Dependency Exemption Deduction

Petitioner argues that he is entitled to claim a dependency exemption deduction with respect to Mackcande. Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a minor dependent if the taxpayer provides more than half of the support for the minor dependent. A son of a taxpayer is included in the definition of a dependent. Sec. 152(a)(1). The sole issue with regard to the dependency exemption deduction claimed by petitioner is whether petitioner has established that

he provided more than half of the support for Mackcande. It is unclear whether respondent still contends that petitioner is not entitled to the dependency exemption deduction; we are satisfied, however, that petitioner provided more than half of the support for Mackcande. Accordingly, petitioner is entitled to a dependency exemption deduction for Mackcande.

CTC

Section 24 provides a CTC for a qualifying child. A qualifying child includes an individual, under the age of 17, for whom the taxpayer is allowed to claim a deduction under section 151 and who bears a relationship to the taxpayer as described in section 32(c)(3)(B). Sec. 24(c)(1). Petitioner claimed the CTC for Mackcande as a qualifying child. Respondent agrees that Mackcande is a qualifying child if petitioner can claim a dependency exemption deduction for him under section 151. As discussed above, petitioner is entitled to claim Mackcande as a dependent and, therefore, is also entitled to a CTC under section 24.

Child Care Credit

Section 21 provides for a credit for a percentage of the expenses for the care of a child under age 13 paid by an individual to enable the individual to be gainfully employed. Section 21(e)(2) provides that if an individual is married at the end of the taxable year, the individual and his spouse must file

a joint return in order to be entitled to the credit. "An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." Sec. 21(e)(3). Putting aside the fact that petitioner did not substantiate any child care expenses, for the reasons stated below, we hold that petitioner was married during the taxable year 2000, did not file a joint return with his wife, and, accordingly, is not entitled to claim a child care credit.

EIC

Section 32(a) generally provides eligible individuals with an EIC against their income tax liability. An "eligible individual" is defined as any individual who has a "qualifying child". Sec. 32(c)(1)(A)(i). A qualifying child includes a son of the taxpayer, sec. 32(c)(3)(B)(i)(I), who has the "same principal place of abode as the taxpayer for more than one-half of such taxable year", sec. 32(c)(3)(A)(ii). Respondent concedes that petitioner satisfies these requirements. Section 32(d) provides, however, that: "In the case of an individual who is married (within the meaning of section 7703), this section shall apply only if a joint return is filed for the taxable year under section 6013." Again, as discussed below, we find that petitioner was married during the taxable year 2000, and, since he and his wife did not file a joint return, petitioner is not entitled to claim an EIC.

## Head of Household Filing Status

Petitioner claims that he maintained, as his household, the principal place of abode of Mackcande, and, therefore, is entitled to use the head of household filing status. Section 2(b) provides the requirements for head of household filing status. To qualify as a head of a household a taxpayer must be unmarried at the end of the taxable year. Sec. 2(b)(1). For the reasons discussed below, we find that petitioner was married at the end of the taxable year and is not entitled to use the head of household filing status.

## Petitioner's Marital Status

Petitioner's eligibility to claim the child care credit, EIC, and head of household filing status depends on whether he is treated as being unmarried. Section 7703(a) provides that an individual's marital status shall be determined at the end of the taxable year and "an individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." Sec. 7703(a)(2). Petitioner does not meet this requirement. Section 7703(b) provides, in pertinent part, that if

> (1) an individual who is married * * * and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child * * * with respect to whom such individual is entitled to a deduction for the taxable year under section 151 * * *,

(2) such individual furnishes over one-half of the cost of maintaining such household during the taxable year, and

(3) during the last 6 months of the taxable year, such individual's spouse is not a member of such household,

such individual shall not be considered as married. These requirements are stated in the conjunctive, and the requirements of each paragraph must be satisfied. We are willing to assume, but do not decide, that petitioner satisfies the requirements of paragraphs (1) and (2). We find, however, that petitioner's wife was a member of his household.[2] Regardless of what the sleeping arrangements may have been and where the household was, petitioner's wife, Camelite, was very much a part of his household. By his own testimony, petitioner paid virtually all of the expenses for his family. Camelite prepared meals for the family, and, it appears to us, shared with petitioner the raising of all three children. We conclude that she and petitioner shared the same household.

We have seen an increasing number of cases where there have been alleged convoluted living arrangements that have no discernable substance except for attempts to take advantage of tax deductions and credits. Often this results from advice given by tax return preparers who know better. This is a dangerous

---

[2] Sec. 7491 dealing with the burden of proof has no application to this case because petitioner has not satisfied the requirements of sec. 7491(a).

game, and we urge such taxpayers and their return preparers to be more circumspect.  Not only do the taxpayers end up paying interest for the current year, they may be subject to penalties or the denial of otherwise allowable credits in future years. See sec. 32(k).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.